**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41297
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE MANUEL GUERRERO,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-172-3
---------------------

Before GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jose Manuel Guerrero appeals the sentence imposed following

his guilty-plea conviction for possession with intent to

distribute more than 100 kilograms of marijuana.  He argues that

the district court erred in imposing his sentence based on the

mandatory United States Sentencing Guidelines scheme held

unconstitutional in United States v. Booker, 125 S. Ct. 738

(2005).  Because the Government explicitly does not rely on the

appeal waiver, we do not enforce it.  United States v. Rhodes,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

253 F.3d 800, 804 (5th Cir. 2001). Because Guerrero did not raise this issue in the district court, review is limited to plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). The district court's application of the mandatory Guidelines sentencing scheme is error that is plain. Id. However, Guerrero has not met his burden to establish that the error affected his substantial rights as he has not shown that the sentencing judge would have reached a significantly different result under an advisory sentencing scheme rather than a mandatory one. Id. at 521. Therefore, Guerrero has not shown that the district court's imposition of his sentence constituted reversible plain error. Accordingly, Guerrero's sentence is AFFIRMED.